

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00089-CR
_____

JOHN DENNIS CLAYTON ANTHONY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 287th District Court
Bailey County, Texas
Trial Court No. 2557; Honorable Gordon H. Green, Presiding

February 12, 2015

## OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

On January 14, 2009, Appellant, John Dennis Clayton Anthony, entered a plea of guilty to the offense of aggravated sexual assault[1] in exchange for a recommendation of deferred adjudication community supervision. At that time, the trial court accepted the plea agreement and, pursuant to the terms thereof, placed Appellant on deferred

_____

[1] *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (West Supp. 2014).

adjudication community supervision for a term of eight years. The *Order of Deferred Adjudication* found the age of the victim to be three years at the time of the offense.

On February 15, 2013, the State moved to proceed with an adjudication of guilt alleging Appellant had violated the terms and conditions of his community supervision. At a hearing on the State's motion, Appellant entered pleas of true, and after hearing testimony, the trial court adjudicated him guilty of the offense charged and assessed punishment at confinement for life. The *Judgment* again found the age of the victim, at the time of the offense, to be three years.

Appellant now seeks to reverse the trial court's decisions to revoke his deferred adjudication community supervision, adjudicate him guilty of the offense of aggravated sexual assault and assess the maximum period of confinement. By three issues, Appellant contends (1) he was denied both due process and equal protection because his plea was neither knowingly nor voluntarily made, (2) the trial court abused its discretion when it entered an order in contravention of article 42.12, section 5(d)(3)(B) of the Texas Code of Criminal Procedure,[2] and (3) he was denied effective assistance of counsel. The State asserts the deferred adjudication order was not illegal or, in the alternative, Appellant waived any error by failing to timely object and appeal the order of deferred adjudication. The State also contends Appellant was not denied effective assistance of counsel. We reverse and remand.

BACKGROUND

The indictment in this case charges Appellant with the offense of aggravated sexual assault. *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (West Supp. 2014). The

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(d)(3)(B) (West Supp. 2014).

minimum term of imprisonment for an offense under section 22.021 is twenty-five years if the victim of the offense is younger than six years of age at the time the offense is committed. *See* TEX. PENAL CODE ANN. § 22.021(f)(1) (West Supp. 2014). In this case, the victim was younger than six years of age at the time the offense was committed.

In 2007, the Legislature amended article 42.12 of the Texas Code of Criminal Procedure to provide that deferred adjudication community supervision is not available for defendants charged with certain crimes, including those punishable under section 22.021(f) of the Texas Penal Code.[3] *See* Act of May 18, 2007, 80th Leg., R.S., ch. 593, § 1.07, 2007 Tex. Gen. Laws 1120, 1123-24 (codified at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(d)(3)(B) (West Supp. 2014)). The statute took effect on September 1, 2007, and applies to offenses committed after that date. 2007 Tex. Gen. Laws at 1148. Because the offense charged in this case is alleged to have been committed on September 11, 2008, it was punishable under subsection (f)(1) of section 22.021. *See* TEX. PENAL CODE ANN. § 22.021(f)(1) (West Supp. 2014).

The State concedes in its brief "that Appellant was placed on deferred adjudication community supervision for a period of eight years, which term of community supervision falls outside the applicable statutory range of punishment for Aggravated Sexual Assault, child younger than 6 years of age." Because Appellant was charged with an offense punishable under section 22.021(f) and because the minimum term of imprisonment exceeded ten years, the trial court was never authorized to place

---

[3] *Cf.* TEX. CODE CRIM. PROC. ANN. art 42.12, § 5(a) (West Supp. 2014) (providing that, except as provided by subsection (d), a defendant charged with an offense under section 22.021 of the Penal Code may be placed on deferred adjudication community supervision, regardless of the age of the victim, "if the judge makes a finding in open court that placing the defendant on community supervision is in the best interest of the victim"). Not only was no such finding made in this case, section 5(a) expressly states that it is inapplicable where section 5(d) provides otherwise.

Appellant on deferred adjudication community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 §§ 3(e)(1) and 5(d)(3)(B) (West Supp. 2014).

Appellant contends his original plea was involuntary because it was based, in part, on the representation that he was eligible for deferred adjudication community supervision and, but for that representation, he would not have given up his right to a jury trial and entered a plea of guilty. He further contends that he was prejudiced by the ineffective assistance of his counsel in failing to correctly advise him. Because we find the ineffective assistance of counsel claim to be dispositive, we will address that issue first and pretermit the remaining issues.

INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution guarantees an accused the assistance of counsel to prepare a defense. *See* U.S. CONST. amend. VI. The Sixth Amendment right to counsel has been interpreted as "the right to effective assistance of counsel." *Robinson v. State*, 16 S.W.3d 808, 812 (Tex. Crim. App. 2000) (citing *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970)). We examine an ineffective assistance of counsel claim by the two-pronged standard enunciated in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984). *See Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986) (adopting the *Strickland* standard in Texas).

Under *Strickland,* Appellant has the burden of establishing by a preponderance of the evidence that (1) trial counsel's performance was deficient in that it fell below the prevailing professional norms, and (2) the deficiency prejudiced the defendant; that is,

4

but for the deficiency, there is a "reasonable probability" that the outcome of the proceedings would have been different. *See Ex parte Chandler*, 182 S.W.3d 350, 353 (Tex. Crim. App. 2005); *Thompson v. State,* 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694; *Thompson,* 9 S.W.3d at 812. The two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S. Ct. 366, 68 L. Ed. 2d 203 (1985). An appellant has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Thompson*, 9 S.W.3d at 813.

DEFICIENT PERFORMANCE

In conducting a deficient performance review, counsel's conduct is to be viewed with great deference, *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005), bearing in mind that there is a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Thompson*, 9 S.W.3d at 813. Consequently, to overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record. *Id.* at 813-14.

Here, counsel provided Appellant incorrect legal advice concerning the range of punishment applicable to the offense charged. Counsel's incorrect legal advice was reinforced and compounded by the acquiescence of both the prosecutor and the trial judge. Not knowing the law applicable to the offense charged is competence below the professional norm. Accordingly, because obtaining a guilty plea in exchange for a recommendation that was not legally available deprives the accused of the opportunity

5

of making an intelligent choice among legally available courses of action, we find the record clearly establishes that the performance of Appellant's trial counsel was deficient in that it fell below the prevailing professional norms. Based on our examination of the entire record, we hold Appellant has established the first prong of the *Strickland* test by a preponderance of the evidence. We now turn to the question of whether Appellant was prejudiced by counsel's deficient performance.

PREJUDICE

When examining ineffective assistance of counsel in the context of a challenge to the voluntariness of a plea of guilty based on the incorrect advice of counsel, to satisfy the "prejudice" prong of the *Strickland* test, an appellant must show that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. *Hill*, 474 U.S. at 59. Here, we need look no further than the negotiated plea bargain itself to find prejudice. In a negotiated plea bargain that contemplates a particular offense of conviction and punishment to be imposed, the accused expressly gives up a whole host of constitutional and procedural rights, including the right to a jury trial, the right of confrontation of witnesses, the right to require the State to prove the charges being made beyond a reasonable doubt and the right to remain silent. In such situations, confidence in the outcome of the contemplated plea bargain mandates that an accused be able to reasonably rely on the competent advice of a legally trained professional. Defense counsel's mistaken belief that Appellant was eligible for deferred adjudication community supervision, compounded by the misguided consensus of the prosecutor and the trial court, resulted in an erroneous

6

understanding of the law applicable to his case, which reasonably induced Appellant into entering a plea of guilty.

In that regard, it is well established that a guilty plea must be entered into knowingly and voluntarily. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(b); *McCarthy v. United States*, 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969); *Ex parte Mable*, 443 S.W.3d 129, 131 (Tex. Crim. App. 2014). "Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *Ex parte Mable,* 443 S.W.3d at 131 (quoting *McCarthy*, 394 U.S. at 466). The applicable standard of review is whether the plea is a voluntary and intelligent choice among the alternative courses of action open to the accused. *Id.*

In his attempt to understand the law and make an intelligent choice as to whether to plead guilty and forego a jury trial, Appellant should have been able to confidently rely upon the advice of his legal counsel regarding both the range of punishment for the offense charged and his eligibility for community supervision. In other words, an intelligent choice among alternative courses of action must be voluntary and "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill,* 474 U.S. at 56 (quoting *McMann*, 397 U.S. at 771).

In this case, every legally trained party involved, the trial court, the prosecutor and Appellant's own counsel, incorrectly believed Appellant was eligible for deferred adjudication community supervision. The voluntariness of Appellant's plea is crucial to this case, and Appellant cannot be said to have entered his plea knowingly and

7

intelligently if he did so while operating under a misunderstanding of the law applicable to such a critical phase of his case.

The right to competent legal advice and the effective assistance of counsel involved here speaks to the very integrity of plea bargain practice and its role in the judicial sentencing process. The relinquishment of important legal rights in reliance upon incorrect legal advice, confirmed and acquiesced in by the trial court, concerning the range of punishment and impacting an accused's right to voluntarily and intelligently exercise sentencing choices, undermines both the proper functioning of our adjudicatory process and public confidence in the integrity of such proceedings.

Nothing in the record suggests the quality of evidence available to the State to support its indictment. To the contrary, the record reflects that the victim would have been a child of tender years with limited ability to testify as to the facts and circumstances surrounding the offense. If Appellant would have known he was facing a minimum period of twenty-five years confinement instead of deferred adjudication community supervision, it is reasonable to conclude he would not have stipulated to the evidence against him and entered a plea of guilty without the agreed upon recommendation as to punishment. By inducing him to enter a plea of guilty through the false promise of community supervision, there is a reasonable probability Appellant waived valuable rights and entered a plea of guilty. Therefore, but for counsel's errors, there is also a reasonable probability the result of the proceeding would have been different.[4] Under *Strickland*, that is sufficient to undermine confidence in the outcome of

---

[4] Because counsel's advice was incorrect and Appellant was ineligible for community supervision, assuming the trial court applied the law correctly, there is not only a reasonable probability that the result of the proceeding would have been different, there is an absolute certainty.

8

the proceeding.  Accordingly, Appellant has satisfied the second prong of the *Strickland* test for establishing ineffective assistance of counsel.

Having found Appellant was denied the effective assistance of counsel in violation of the Sixth Amendment, we sustain issue three and reverse the judgment of the trial court.  Our disposition of issue three makes it unnecessary for us to address Appellant's first and second issues.  *See* TEX. R. APP. P. 47.1.

CONCLUSION

We reverse the judgment of the trial court and order that Appellant be remanded to the Bailey County Sheriff to answer the charge against him.  We further order that he be allowed to withdraw his plea of guilty and that he be returned to his position prior to that plea.[5]  The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Patrick A. Pirtle
Justice

Publish.

---

[5] It should be noted that by being restored to the position he held prior to his original plea, Appellant is still facing a sentence of imprisonment in the Texas Department of Corrections for any term of not less than 25 years or more than 99 years or life, and a fine not to exceed $10,000.  *See* TEX. PENAL CODE ANN. §§  12.32 & 22.021(f)(1) (West 2011 & West Supp. 2014).