FILED IN
COURT OF CRIMINAL APPEALS

June 19, 2015

ABEL ACOSTA, CLERK

PD-0290-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/19/2015 3:45:24 PM
Accepted 6/19/2015 4:12:32 PM
ABEL ACOSTA
CLERK

No. PD-0290-15

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

JOHN DENNIS CLAYTON ANTHONY, Appellant

v.

THE STATE OF TEXAS, Appellee

Appeal from Bailey County

\*   \*   \*   \*   \*

**STATE'S BRIEF ON THE MERITS**

\*   \*   \*   \*   \*

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No.13803300

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512/463-1660 (Telephone)
512/463-5724 (Fax)

## NAMES OF ALL PARTIES TO THE TRIAL COURT'S JUDGMENT

Appellant: **John Dennis Clayton Anthony**.

Appellee: **The State of Texas**.

Trial Judge: **Hon. Gordon H. Green**.

Trial counsel for Appellant: Plea of Guilty: **Terry McEachern**, Attorney at Law, 700 Broadway, #20, Plainview, Texas 79072. Adjudication of Guilt: **Christian Pollard**, Attorney at Law, 700 Broadway, Plainview, Texas 79072.

Appellate Counsel for Appellant: Court of Appeals: **Don F. Schofield**, Attorney at Law, 112 W. 8th, Suite 530, Amarillo, Texas 79101. Court of Criminal Appeals: **Troy Bollinger**, Laney & Bollinger, 600 Ash Street, Plainview, Texas 79072.

Trial counsel for the State: **Kathryn Gurley**, District Attorney, P.O. Box 729, Friona, Texas 79035.

Appellate counsel for the State: Court of Appeals: **Kathryn Gurley**, District Attorney, P.O. Box 729, Friona, Texas 79035. Court of Criminal Appeals: **Lisa C. McMinn**, State Prosecuting Attorney, P.O. Box 13046, Capitol Station, Austin, Texas 78711.

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**1) When Appellant pled guilty to sexual assault of a child under fourteen, did the court of appeals err by holding that he was ineligible for deferred adjudication because the child was under six, based on an unexplained finding in the judgment that was not pled, supported by the record, or orally pronounced?**

**2) Did the court of appeals err by finding deficient performance and prejudice due to counsel's advice that Appellant was eligible for deferred adjudication when there is no evidence of how counsel advised Appellant, no evidence of how that advice affected the plea, and Appellant actually received deferred adjudication?**

**3) Did the court of appeals err by finding ineffective assistance of counsel based on an unexplained finding in the judgment without addressing the State's threshold arguments about the validity of the judgment entry, preservation, and estoppel?**

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Appellant was not punished under subsection (f)**. . . . . . . . . . . . . . . . . . . . . . 5

**There is no evidence to support a finding of deficient performance or prejudice**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**The court of appeals failed to address forfeiture, estoppel, or the proper remedy for the erroneous judgment entry**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

i

# INDEX OF AUTHORITIES

**Cases**

*Anthony v. State*, 457 S.W.3d 548 (Tex. App.– Amarillo 2015). . . . . . . 1, 4, 9, 10n

*Avery v. State*, 359 S.W.3d 230 (Tex. Crim. App. 2012) .. . . . . . . . . . . . . . . . . . . 7

*Brooks v. State*, 957 S.W.2d 30 (Tex. Crim. App. 1997). . . . . . . . . . . . . . . . . . . 5

*Burt v. State*, 445 S.W.3d 752 (Tex. Crim. App. 2014) . . . . . . . . . . . . . . . . . . . 6

*Ford v. State*, 305 S.W.3d 530 (Tex. Crim. App. 2009). . . . . . . . . . . . . . . . . . . 11

*Garland v. State*, 170 S.W.3d 107 (Tex. Crim. App. 2005). . . . . . . . . . . . . . . . 9n

*Manuel v. State*, 994 S.W.2d 658 (Tex Crim. App. 1999). . . . . . . . . . . . . . . . . 11

*Puente v. State*, 320 S.W.3d 352 (Tex. Crim. App. 2010) . . . . . . . . . . . . . . . . . 7

*Rhodes v. State,* 240 S.W.3d 882 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . . 11

*Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999). . . . . . . . . . . . . . . . . 8

*Young v. State*, 14 S.W.3d 748 (Tex. Crim. App. 2000).. . . . . . . . . . . . . . . . . . . 6

**Codes and Rules**

TEX. CODE CRIM. PROC. art. 42.12 § 5(d)(3)(B) . . . . . . . . . . . . . . . . . . . . . . . . . 4

TEX. CODE CRIM. PROC. art. 42.03 § 1(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

TEX. PENAL CODE ANN. § 22.021(a)(2)(B).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

TEX. PENAL CODE ANN. § 22.021(e).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7n

TEX. PENAL CODE ANN. § 22.021(f)(1).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

TEX. R. APP. P. 47.1.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

No. PD-0290-15

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

JOHN DENNIS CLAYTON ANTHONY,                 Appellant

v.

THE STATE OF TEXAS,                             Appellee

\* \* \* \* \*

**STATE'S BRIEF ON THE MERITS**

\* \* \* \* \*

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

The State Prosecuting Attorney respectfully presents its brief on the merits.

**<u>STATEMENT REGARDING ORAL ARGUMENT</u>**

The State did not request oral argument, and the Court did not grant it.

**<u>STATEMENT OF THE CASE</u>**

The court of appeals reversed the conviction in a published opinion. *Anthony v. State*, 457 S.W.3d 548 (Tex. App.– Amarillo 2015). This Court granted the State's petition for discretionary review on May 20, 2015.

1

## ISSUES PRESENTED

**1) When Appellant pled guilty to sexual assault of a child under fourteen, did the court of appeals err by holding that he was ineligible for deferred adjudication because the child was under six, based on an unexplained finding in the judgment that was not pled, supported by the record, or orally pronounced?**

**2) Did the court of appeals err by finding deficient performance and prejudice due to counsel's advice that Appellant was eligible for deferred adjudication when there is no evidence of how counsel advised Appellant, no evidence of how that advice affected the plea, and Appellant actually received deferred adjudication?**

**3) Did the court of appeals err by finding ineffective assistance of counsel based on an unexplained finding in the judgment without addressing the State's threshold arguments about the validity of the judgment entry, preservation, and estoppel?**

## STATEMENT OF FACTS

Appellant was charged with sexual assault of a child under fourteen. CR: 6. He was admonished on the range of punishment for a first degree felony, stipulated to the allegations in the indictment, and pled guilty. RRI: 5-6, 11; CR:30. Trial court accepted the plea bargain and granted Appellant eight years deferred adjudication. RRI: 16. The judgment includes a recitation that, "The age of the victim at the time of the offense was three (3) years." CR: 43. Four years later, the trial court granted the State's third motion to adjudicate and sentenced Appellant to life. RRIII: 31; CR: 71, 78. The judgment of the adjudication also contains a recitation that the victim

2

was three years old. CR: 78. On appeal from the adjudication, Appellant claimed that the offense for which he was convicted was not eligible for deferred adjudication and, as a result, his counsel was ineffective and his original guilty plea was involuntary.

## SUMMARY OF THE ARGUMENT

The judgment in this case includes a finding that the victim was under six years of age, a fact that increases the minimum punishment to twenty five years and makes the defendant ineligible for community supervision under TEX. PENAL CODE ANN. § 22.021(f)(1). That finding was neither alleged as an enhancement, supported by the evidence, or pronounced in open court. It was not until Appellant's guilt was adjudicated that he appealed and challenged the validity of his original plea. Instead of deleting the improper finding in the judgment, as the State argued in its brief, the court of appeals held that the original grant of deferred adjudication was illegal and his counsel was ineffective for failing to so advise Appellant, which rendered his original plea involuntary. But because nothing in the record shows that State or the trial judge intended that Appellant be punished under subsection (f), he was not punished under subsection (f), his deferred adjudication was proper, his plea was voluntary, and his counsel ineffective. In addition, because there is no evidence of what advice counsel gave or Appellant's thought processes, the record does not support a finding of either deficient performance or prejudice. Furthermore, this

3

claim is forfeited because it was not raised until the appeal from the adjudication of guilt, and Appellant is estopped from complaining about a supposedly too-lenient punishment after enjoying its benefits. The remedy in this case is to delete the improper finding from the judgment.

## ARGUMENT

TEX. CODE CRIM. PROC. art. 42.12, § 5(d)(3)(B) provides, "[T]he judge may grant deferred adjudication unless...the defendant is charged with an offense under...Section 22.021, Penal Code, that is punishable under Subsection (f) of that section...." TEX. PENAL CODE ANN. § 22.021(f)(1) provides, "The minimum term of imprisonment for an offense under this section is increased to 25 years if... the victim of the offense is younger than six years of age at the time the offense is committed."

Based on the judgment entry regarding the victim's age, the court of appeals declared that the victim was under six years old. *Anthony*, 457 S.W.3d at 550. It then held, "Because Appellant was charged with an offense punishable under section 22.021(f) and because the minimum term of imprisonment exceeded ten years, the trial court was never authorized to place Appellant on deferred adjudication community supervision." *Id.* at 551. This statement forms the basis for the court of appeals' determination that counsel was ineffective for allowing Appellant to accept the plea bargain for deferred adjudication, which in turn rendered the plea

4

involuntary.

When faced with a judgment entry that states the victim is under six years old and an assessed punishment that does not comply with subsection (f), two mutually exclusive scenarios are possible: 1) this case was not punished under subsection (f) and the judgment entry is simply improper, or 2) this case was punished under subsection (f), but the grant of deferred was illegal because it did not comport with the twenty-five year minimum sentence required by subsection (f).

**Appellant was not punished under subsection (f).**

While the judgment states that the victim was under 6 years of age, this case was not punished under Penal Code Section 22.021(f). Subsection (f) acts as an enhancement of punishment. The clearest indication that Appellant's punishment was not enhanced in this case is the fact that he was granted deferred adjudication and the facts required for enhancement were not pled, proven, or pronounced in open court.

First, the record does not indicate that Appellant was given notice of an enhancement. Although enhancement allegations need not be pled in the indictment, the defendant must be given some form of notice of the State's intent to increase the applicable range of punishment. *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997).

Second, no evidence was presented at the plea proceeding that the child was

5

under six years old; Appellant stipulated that she was under fourteen.[1]  No other evidence was offered in support of the plea.  The judgment entry stating that the victim was three years old was improper because it was not supported by the record. *See Young v. State*, 14 S.W.3d 748, 750-53 (Tex. Crim. App. 2000) (addressing sufficiency of the evidence to support drug-free zone punishment enhancement).

Third, the trial court did not pronounce the finding in open court when it assessed punishment.  A defendant's sentence must be orally pronounced in his presence.  TEX. CODE CRIM. PROC. art. 42.03 § 1(a); *see also Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014) (when there is a conflict between the written judgment and the oral pronouncement, the oral pronouncement controls).

As a result,  the court of appeals erred by holding that Appellant was "charged with an offense punishable under section 22.021(f)." He was charged with an offense under TEX. PENAL CODE ANN. § 22.021(a)(2)(B),[2] a first degree felony.[3]  There is no mention in the record of subsection (f), and the record does not indicate that the

---

[1]The State does not contest that the child was under six years old, only that there was no evidence presented at the plea proceeding to support it.

[2]"A person commits an offense...if the person...intentionally or knowingly...causes the penetration of the anus or sexual organ of a child by any means...and...if...the victim is younger than 14 years of age."

[3]TEX. PENAL CODE ANN. § 22.021(e).

parties ever contemplated it.[4]

Even if the evidence showed the victim was under six, this offense was not punishable under subsection (f), because the State did not prosecute it as such. It is the State's prerogative to decide which offense to charge. *See Avery v. State*, 359 S.W.3d 230, 236 (Tex. Crim. App. 2012) (prosecutors have discretion to charge the offense that best fits the conduct or has the most appropriate punishment range). And even if the State initially charges the offense under subsection (f), that provision can be abandoned. *See, e.g.*, *Puente v. State*, 320 S.W.3d 352, 354 (Tex. Crim. App. 2010) (State amended indictment to delete under six language to eliminate mandatory minimum punishment of 25 years from subsection (f)). Because this case was not punishable under subsection (f), counsel did not render ineffective assistance of counsel by failing to advise Appellant that it was.

**There is no evidence to support a finding of deficient performance or prejudice.**

In addition to assuming this case was punished under subsection (f), the court of appeals erred by holding that counsel gave Appellant incorrect advice without

---

[4]The origin of the judgment entry is not apparent and may have been made without knowledge that it amounted to an enhancement finding. The State's brief in the court of appeals argued that it was a clerical error that should be corrected by a judgment *nunc pro tunc.* State's brief at p. 5, 7-9. There is no evidence that the trial court intended to subject Appellant to subsection (f) punishment during the original plea or upon adjudication. Even though the improper finding appears in both judgments, the trial judge advised Appellant of the punishment range for an unenhanced offense at both the original plea hearing and the adjudication hearing. RRI: 5-6; RRIII: 5.

evidence of what advice he actually gave. A claim of ineffective assistance of counsel must be "firmly founded in the record." *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Thus, such claims are normally raised on habeas corpus or in a motion for new trial, so that a hearing can be held and a record developed. *See id.* at 814, n6. ("[I]n the vast majority of cases, the undeveloped record on direct appeal will be insufficient for an appellant to satisfy the dual prongs of *Strickland*.") Here, the only evidence of counsel's advice is what was said in open court. There is no evidence of what counsel advised Appellant off the record about the State's plea offer, the strength of its case, or the possibility of a subsection (f) enhancement.

Just as there is no evidence of what advice counsel gave, there is no showing that, even if this was a subsection (f) case and counsel advised Appellant incorrectly, Appellant's plea was involuntary. The court of appeals held:

> If Appellant would have known he was facing a minimum period of twenty-five years confinement instead of deferred adjudication community supervision, there is a reasonable probability that he would not have stipulated to the evidence against him and entered a plea of guilty without the agreed upon recommendation as to punishment. By inducing him to enter a plea of guilty through the false promise of community supervision, there is a reasonable probability Appellant waived valuable rights and entered a plea of guilty.

*Anthony*, 457 S.W.3d at 553. The court of appeals treated this case as if Appellant pled guilty without an agreed punishment recommendation, believing he was eligible

8

for deferred adjudication, but was instead sentenced to a term of twenty five years or more pursuant to subsection (f). Deferred adjudication was not a "false promise." It is the punishment Appellant received when the trial court accepted the plea bargain after fully admonishing him of the consequences. There is no reason to believe that Appellant, had he been told he was actually ineligible for deferred, would have declined the State's plea offer and insisted on a "legal" sentence of twenty-five years or more.[5]

**The court of appeals failed to address forfeiture, estoppel, or the proper remedy for the erroneous judgment entry.**

A court of appeals must address every issue that is raised and necessary for the disposition of the appeal. TEX. R. APP. P. 47.1. The State made three arguments that would have resulted in a different outcome had the court of appeals addressed them. These were threshold issues that would have made it unnecessary for the court to address the merits of the ineffective assistance/involuntary plea claim.

First, the State argued that the finding in the judgment that the victim was three

---

[5]Perhaps the court of appeals believed subsection (f) punishment cannot be waived, and counsel's knowledge that Appellant was ineligible for deferred would have led him to notify the State of the twenty-five-year minimum, causing the State to withdraw its offer of deferred. Of course, the State can abandon an enhancement paragraph, or, as in this case, never pursue it in the first case. If this had been an actual subsection (f) case, the State could have abandoned the enhancement to make the plea bargain for deferred possible. *See Garland v. State*, 170 S.W.3d 107, 111 (Tex. Crim. App. 2005) (State abandoned enhancement that would have required life sentence).

years old was not supported by the record and should be deleted. State's brief at p. 5, 7-9.[6] The judgment entry was the lynchpin of the court of appeals' opinion. Without it, there would have been no basis for the court to conclude that Appellant's offense was "punishable under" subsection (f) and, thus, ineligible for deferred. In turn, there would have been no grounds for its determination that counsel was ineffective.

Second, the State argued that Appellant forfeited any challenge to his original plea by raising it for the first time on appeal from the adjudication of guilt. State's brief at p. 10-11, 16. "[A] defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed." *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex Crim. App. 1999). Preservation of error is systemic and must be addressed by a court of

---

[6]The court of appeals partially quoted the State's brief to make it appear that it conceded that the punishment was improper in this case, but it did not. According to the court of appeals, "The State concedes in its brief 'that Appellant was placed on deferred adjudication community supervision for a period of eight years, which term of community supervision falls outside the applicable statutory range of punishment for Aggravated Sexual Assault, child younger than 6 years of age.'" *Anthony*, 457 S.W.3d at 551. What the State actually said was, "*If this court does not enter an order nunc pro tunc correcting the judgments in question*, the State concedes that Appellant was placed on deferred adjudication community supervision for a period of eight years, which term of community supervision falls outside the applicable statutory range of punishment for Aggravated Sexual Assault, child younger than 6 years of age." State's brief at p.17.

10

appeals even if it is not raised by the State. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

Third, the State argued that Appellant was estopped from complaining that his deferred adjudication was improper. State's brief at p. 18-19. A defendant who has enjoyed the benefits of an agreed punishment that is too lenient is estopped from collaterally attacking it. *Rhodes v. State,* 240 S.W.3d 882, 892 (Tex. Crim. App. 2007). Appellant was on deferred adjudication community supervision for four years and only challenged its validity upon revocation. Although his appeal did not challenge the legality of the sentence directly, he should not be able to use an ineffective assistance of counsel claim as an end-run around the consequences of estoppel.

Although normally this Court would remand for the court of appeals to address threshold issues raised and necessary to the disposition of the appeal in the first instance, a remand would unnecessarily prolong finality. If the court of appeals were to dispose of the case on preservation or estoppel grounds, the ineffective assistance issue could be raised on habeas corpus. Instead, this Court should hold that this case was not punished under subsection (f) because it was not plead, proved, or pronounced. That disposition would resolve Appellant's claims.

## **PRAYER FOR RELIEF**

WHEREFORE, the State of Texas prays that this Court reverse the decision of the court of appeals and order the notation "the age of the victim at the time of the offense was three (3) years" be stricken from the judgments.

Respectfully submitted,

/s/ LISA C. McMINN

LISA C. McMINN
State Prosecuting Attorney
Bar I.D. No. 13803300

P.O. Box 13046
Austin, Texas 78711
information@spa.texas.gov
512/463-1660 (Telephone)
512/463-5724 (Fax)

12

## CERTIFICATE OF COMPLIANCE

I certify that, according to the WordPerfect word count tool, this document

contain 3476 words.

/s/ LISA C. McMINN
LISA C. McMINN
State Prosecuting Attorney

## CERTIFICATE OF SERVICE

I certify that on this 19th day of June, 2015, the State's Brief on the Merits was

served via certified electronic service provider to:

Kathryn H. Gurley
287th Judicial District Attorney
P.O. Box 729
Friona, Texas 79035
districtattorney@parmercounty.net

Troy Bollinger
LANEY & BOLLINGER
600 Ash Street
Plainview, TX 79072
troy@laneybollinger.com

/s/ LISA C. McMINN
LISA C. McMINN
State Prosecuting Attorney