**John Dennis Clayton ANTHONY,
Appellant**

v.

**The STATE of Texas**

**NO. PD–0290–15**

Court of Criminal Appeals of Texas.

DELIVERED: June 15, 2016

Rehearing Denied July 27, 2016

Milton Troy Bollinger, Plainview, TX, for Appellant.

Lisa McMinn, State Prosecuting Attorney, Austin, TX, for State of Texas.

### *OPINION*

Keasler, J., delivered the unanimous opinion of the Court.

The court of appeals found that the trial judge had no authority to grant John Anthony deferred adjudication because the judge's deferred-adjudication order contained a finding that the victim was three years old. From this conclusion, the court found that Anthony was prejudiced by

counsel's deficient performance in advising him on the offense's punishment range. We hold that the judge properly imposed deferred adjudication and the court of appeals' subsequent reasoning, like its judgment, cannot stand.

In 2009, Anthony pleaded guilty to an indictment alleging aggravated sexual assault of a child younger than fourteen years old [1] in exchange for the State's recommendation for deferred-adjudication community supervision. Accepting the plea agreement, the trial judge deferred a guilty finding and placed Anthony on an eight-year term of deferred-adjudication community supervision. The judge's deferred-adjudication order listed the victim's age as three years old at the time of the assault. In 2013, the State moved to adjudicate alleging Anthony violated his community supervision's terms and conditions. The judge found the violations true, found Anthony guilty, and sentenced him to life imprisonment. The judgment again noted that the victim was three years old at the time of the assault.

Anthony's initial appellate counsel filed an *Anders* [2] brief. However, the court of appeals harbored concerns about whether Anthony was eligible for deferred-adjudication community supervision because the deferred-adjudication order found that the victim was three years old. In its view, the finding that the victim was three years old [3] raised the issue of whether Texas Code of Criminal Procedure Article 42.12 precluded the judge imposing deferred adjudication in the first instance. [4] This, among other concerns, caused the court of appeals to abate and remand the cause to the trial court for appointment of new appellate counsel to brief "(1) whether [Anthony] was eligible for deferred adjudication community supervision, (2) whether trial counsel's advice and counsel were effective, (3) whether [Anthony's] plea was voluntarily given, and (4) any other arguable issues which might support this appeal." [5] Anthony's new appellate counsel alleged that: (1) Anthony was denied effective assistance of counsel because he was not admonished of the correct range of punishment under Penal Code Section 22.021(f); (2) Anthony's plea was neither knowingly nor voluntarily made as a consequence of being misinformed of the correct punishment range; and (3) the judge erred by placing Anthony on deferred adjudication.

The court of appeals reversed the trial court's judgment solely on Anthony's ineffective assistance-of-counsel ground. [6] Accepting Anthony's logic, the court's holding relies on the following premise: "[i]n this case, the victim was younger than six years of age at the time the offense was committed." [7] It followed, according to

1. Tex. Penal Code § 22.021(a)(2)(B) (West 2006) (victim under fourteen years old).

2. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

3. Tex. Penal Code § 22.021(f)(1) (West 2011 & Supp.2015) (providing a minimum punishment of twenty-five years' confinement for aggravated sexual assault of child under six years old).

4. Tex.Code Crim. Proc. art. 42.12, § 5(d)(3)(B) (West 2006 & Supp.2015) (stating that a judge may not impose deferred adjudication on a defendant charged with an offense under Penal Code § 22.021 punishable under Subsection (f)).

5. Abatement and Remand Order at 4, No. 07–13–00089–CR, 2014 WL 1803102 (Tex.App.–Amarillo, May 2, 2014) (not designated for publication).

6. *Anthony v. State*, 457 S.W.3d 548, 553 (Tex. App.–Amarillo 2015).

7. *Id.* at 550.

the court, that "[b]ecause [Anthony] was charged with an offense punishable under section 22.021(f) and because the minimum term of imprisonment exceeded ten years, the trial court was never authorized to place .[Anthony] on deferred adjudication community supervision." [8] Although the record does not contain what exactly Anthony's counsel told him, the court concluded that Anthony's counsel was deficient for providing Anthony incorrect legal advice on the range of punishment applicable to the offense charged. [9] The court found counsel's performance prejudiced Anthony by "inducing him to enter a plea of guilty through the false promise of community supervision," [10] without which "there is [ ] a reasonable probability the result of the proceeding would have been different." [11] We disagree with the court's analytical premise and, as a result, its conclusion that Anthony received ineffective assistance of counsel.

▆ The indictment specifically alleged that Anthony intentionally and knowingly penetrated the sexual organ of S.S., a child who was younger than fourteen years old. [12] The record contains no notice or any indication that the State intended to invoke § 22.021(f)'s twenty-five-year statutory minimum for sexual assault of a child under six. Anthony's Felony Plea of Guilty, Admonishments, Waivers, Stipulations and Judicial Confession shows that

he pleaded guilty and judicially confessed to sexually assaulting a child younger than fourteen years old as alleged in the indictment. He pleaded guilty to a first-degree felony with a punishment range of five to ninety-nine years or life, [13] and was admonished on that range of punishment both orally and in writing at the time he received deferred adjudication. Other than the notation that the victim was three years old—a finding, we add, that could be accurate under the indictment alleging a victim younger than fourteen years old—the record contains no other indication that any of the parties or the judge intended to punish the aggravated sexual assault under § 22.021(f). Furthermore, the presumption of regularity requires that we indulge every presumption in favor of the regularity of the plea proceedings and trial court's documents in connection to Anthony's deferred adjudication and judgment. [14] Even if the finding is accurate, it has no support in the record. [15] There is no confession, stipulation, admission, or evidence in the record permitting the judge to find that the victim was three years old at the time of the assault.

▆ We conclude that the trial judge had the authority to place Anthony on deferred adjudication for aggravated sexual assault in the first instance. [16] As the court of appeals acknowledged, "to over-

---

**8.** *Id.* at 551.

**9.** *Id.* at 552.

**10.** *Id.* at 553.

**11.** *Id.*

**12.** TEX. PENAL CODE § 22.021(a)(1)(B)(i) & (2)(B).

**13.** TEX. PENAL CODE § 22.021(e) ("An offense under this section is a felony of the first degree."), § 12.32 (defining a first-degree felony punishment range as imprisonment for

life or for any term not more than 99 years or less than 5 years).

**14.** *See Light v. State,* 15 S.W.3d 104, 107 (Tex.Crim.App.2000).

**15.** *Cf. Young v. State,* 14 S.W.3d 748, 753–54 (Tex.Crim.App.2000) (applying *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) to determine whether a rational factfinder could have found a punishment enhancement beyond a reasonable doubt).

**16.** TEX.CODE CRIM. PROC. art. 42.12, § 5(a), (d).

come the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record." [17] Without a developed record on how counsel actually advised Anthony as to the range of punishment, the court of appeals improperly concluded that counsel's advice, whatever it was, constituted deficient performance.[18]

We reverse the court of appeals' judgment. Our conclusion on the deferred-adjudication order's propriety resolves Anthony's complaints asserted below. We strike from the trial court's judgment the finding that the victim was three years old and reform the judgment to reflect a finding that the victim "was younger than 14 years of age at the time of the offense." [19] We reinstate the trial court's judgment, as reformed.

17. *Anthony,* 457 S.W.3d at 551–53 (citing *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim.App.1999)).

18. *See Thompson,* 9 S.W.3d at 813.

19. *See* Tex.Code Crim. Proc. art. 42.015(b); Tex. R.App. P. 78.1(c).