

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-15-00642-CR

Leonardo Adame **ORTEGON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B13672
Honorable M. Rex Emerson, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
               Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  June 22, 2016

DISMISSED FOR LACK OF JURISDICTION

This is an appeal from a judgment adjudicating guilt. We conclude that we have no jurisdiction to consider the issue presented and dismiss the appeal for lack of jurisdiction.

### BACKGROUND

In January 2014, Leonardo Adame Ortegon pled guilty to the offense of continuous sexual abuse of a child pursuant to a plea bargain agreement. In accordance with the terms of the plea bargain agreement, adjudication was deferred and Ortegon was placed on community supervision for a period of ten years. In February 2015, the State moved to adjudicate guilt, alleging that

Ortegon had violated the terms of his community supervision. A hearing was held and the trial court found that Ortegon had violated the terms of his community supervision. The trial court adjudicated guilt and sentenced Ortegon to the minimum sentence, twenty-five years in prison.

On appeal, Ortegon argues the trial court had no authority to order deferred adjudication and it abused its discretion in doing so. Ortegon points out that the Legislature has prohibited deferred adjudication for defendants charged with continuous sexual abuse of a child. Ortegon further argues that his conviction must be reversed because the deferred adjudication order and the judgment adjudicating guilt, convicting him, and sentencing him to prison were void.

In response, the State argues that this court has no jurisdiction to consider this appeal because the issue presented could only be raised in an appeal from the deferred adjudication order. According to the State, neither the deferred adjudication order nor the judgment adjudicating guilt are void. Additionally, the State argues that Ortegon is estopped from complaining because he accepted and enjoyed the benefits of a punishment agreement that was too lenient.

## DISCUSSION

A trial court may not grant deferred adjudication when a defendant is charged with the offense of continuous sexual abuse of a child. *See* TEX. CODE CRIM. PROC. ANN. ART. 42.12, § 5(d)(3)(A) (West Supp. 2015); TEX. PENAL CODE ANN. § 21.02 (West Supp. 2015).

As a general rule, "a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding . . . only in appeals taken when deferred adjudication community supervision is first imposed." *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). However, under an exception to this rule, a defendant appealing a judgment adjudicating guilt may attack the original deferred adjudication order if that order is void. *Nix v. State*, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001). "The void judgment exception

recognizes that there are some rare situations in which a trial court's judgment is accorded no respect due to a complete lack of power to render the judgment in question." *Id*. at 667.

To support his argument that the order placing him on deferred adjudication is void, Ortegon cites to *Anthony v. State*, 457 S.W.3d 548 (Tex. App.—Amarillo 2015, pet. granted). In *Anthony*, the trial court ordered deferred adjudication under circumstances similar to those presented here. *Id*. at 550-51. However, the appellate court never reached the issue of whether the deferred adjudication order in that case was void; instead, the appeal was disposed of on a different issue. *Id*. at 551-53. Thus, *Anthony* does not provide support for Ortegon's position that the deferred adjudication order in this case is void.

Additionally, Ortegon cites *Neugebauer v. State*, 266 S.W.3d 137 (Tex. App.—Amarillo 2008, no pet.), to support his argument. Ortegon acknowledges that *Neugebauer* did not involve an order granting deferred adjudication. Nevertheless, Ortegon claims the case is pertinent because it demonstrates that "a void judgment is of no effect." In *Neugebauer*, the appellant was convicted of intoxication manslaughter and was sentenced to eight years' confinement. *Id*. at 138. The appellant started serving his sentence, then moved to suspend its further imposition. *Id*. The trial court granted the motion, suspended the appellant's sentence, and placed the appellant on community supervision, but it did not do so until more than two years after the execution of appellant's sentence began. *Id*. at 139-40. By statute, the trial court had jurisdiction to suspend the imposition of the appellant's sentence for only 180 days from the date the execution of his sentence began. *Id*. at 139. Thus, in *Neugebauer*, the trial court suspended the appellant's sentence when it had no jurisdiction to do so. *Id*. at 139-40. Under these circumstances, the appellate court held that the order placing the appellant on community supervision was void. *Id*. at 140. We conclude that *Neugebauer* does not advance Ortegon's argument.

A judgment of conviction is void only in very rare situations and usually only when there is a lack of jurisdiction. *Nix*, 65 S.W.3d at 668. The Texas Court of Criminal Appeals has identified four instances in which a judgment of conviction is void: (1) the trial court lacks jurisdiction over the defendant because the document purporting to be the charging instrument does not satisfy the constitutional requisites of a charging instrument; (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law; (3) the record reflects that there is no evidence to support the conviction; or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when the right to counsel has not been waived. *Id*. Although the Texas Court of Criminal Appeals "hesitate[d]" to say the above-mentioned list was exclusive, it said it was "very nearly so." *Id*.

The present case does not fit within any of the categories identified in *Nix*. Ortegon complains that the trial court's deferred adjudication order is void because the trial court placed him on deferred adjudication when it was unauthorized by statute to do so. We disagree. The fact that Ortegon was ineligible for deferred adjudication under article 42.12, section 5(d)(3)(A) of the Texas Code of Criminal Procedure does not mean the trial court was deprived of jurisdiction. The trial court's order placing Ortegon on deferred adjudication was erroneous, but it was not void because nothing indicates the trial court lacked jurisdiction when it rendered the order. *See Ex parte Williams*, 65 S.W.3d 656, 658 (Tex. Crim. App. 2001) (disavowing the idea that the unlawful grant of community supervision was an illegal or void sentence); *Jackson v. State*, No. 05-09-00650-CR, 2010 WL 297945, at *2 (Tex. App.—Dallas Jan. 27, 2010, no pet.) (not designated for publication) (concluding an unauthorized term of deferred adjudication community supervision was not an illegal or void sentence).

Here, the record does not show that the deferred adjudication order in this case is void. Therefore, this appeal falls under the general rule articulated in *Manuel*. 994 S.W.2d at 661-62. Ortegon was required to raise his complaint about being placed on deferred adjudication in an appeal from that order, not in an appeal from the judgment adjudicating his guilt. We conclude that we have no jurisdiction over this appeal. *See id*. at 662 (holding the appellate court did not err in concluding that it did not have jurisdiction to consider the merits of an appeal when the appellant waited until guilt was adjudicated to raise a complaint about the original plea proceeding).

## CONCLUSION

This appeal is dismissed for lack of jurisdiction.

Karen Angelini, Justice

PUBLISH