

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00160-CR

_____

JOSE PEREZ, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1751130

---

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

## I. INTRODUCTION

Upon his open plea of guilty to the offense of aggravated assault with a deadly weapon, the trial court convicted Appellant Jose Perez and sentenced him to fourteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. *See* Tex. Penal Code Ann. § 22.02(a)(2).

Perez brings a single issue on appeal, contending that his plea of guilty was involuntary because he erroneously believed that he was eligible to receive probation from the trial court. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Perez was originally charged with two counts of aggravated assault that stemmed from the same assaultive incident. Count One was an assault causing serious bodily injury and Count Two was for the use or exhibition of a deadly weapon during the assault. The State waived Count One in exchange for Perez's guilty plea to Count Two; however, there was no agreement as to sentencing. A presentence report was prepared for the trial court, and a sentencing hearing was conducted. *See* Tex. Code Crim. Proc. Ann. art. 42A.252.

At the hearing, Perez testified that he was 23 years old with no prior felony convictions. Perez confirmed that his defense counsel had discussed his right to a jury trial with him, as well as entering an "open plea" of guilty with no plea bargain in place. He agreed with his counsel that, after he entered his plea, the trial court "ha[d]

a wide range of things that it could do in regard[] to sentencing [him] to probation or any number of years in the penitentiary." Perez further agreed that the State had never offered him probation, and his "goal" at the sentencing hearing was to obtain probation from the trial court.

In his closing argument, defense counsel requested that the trial court defer Perez's adjudication and place him on probation. Specifically, defense counsel argued, "we would love if the Court would be able to find some mercy and extend some grace to this young man and give him an opportunity on probation. You can max him out, Judge, ten years deferred[.]" The State asked the trial court to sentence Perez to 20 years' incarceration. After hearing all of the evidence, the trial court sentenced Perez to 14 years' incarceration. This appeal followed.

### III. DISCUSSION

Perez argues that his plea was involuntary because he entered into it without knowledge of the consequences—that he was not eligible for probation from the trial court. We disagree.

### 1. Nature of the Guilty Plea

A guilty plea must be entered knowingly and voluntarily. Tex. Code Crim. Proc. Ann. art. 26.13(b); *Ex parte Broussard*, 517 S.W.3d 814, 816 (Tex. Crim. App. 2017). "A defendant must have an understanding of the law in relation to the facts surrounding his plea." *Broussard*, at 816. "A guilty plea is valid only if it is 'a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"

3

*Id.* (quoting *State v. Guerrero*, 400 S.W.3d 576, 588 (Tex. Crim. App. 2013)). Voluntariness of a plea is determined by reviewing the record as a whole and the "totality of the circumstances." *Griffin v. State*, 703 S.W.2d 193, 195 (Tex. Crim. App. 1986); *Williams v. State*, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975).

Before accepting a guilty plea, the trial court must admonish the defendant as to the consequences of his plea, including determining whether the plea is freely, voluntarily, and knowingly given. *See* Tex. Code Crim. Proc. Ann. art. 26.13. There is a presumption of regularity with respect to guilty pleas, and we must indulge every presumption in favor of the regularity of the plea proceedings, as well as the trial court's documents and its judgment. *Anthony v. State*, 494 S.W.3d 106, 108 (Tex. Crim. App. 2016). A record indicating that the trial court properly admonished the defendant presents a prima facie showing that the guilty plea was made voluntarily and knowingly. *See Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). If a record shows that the defendant was properly admonished, the burden shifts to the defendant to show that the plea was involuntary. *Id.*; *see Starz v. State*, 309 S.W.3d 110, 117 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).

Here, as evidenced by the written and signed plea admonishments, the record demonstrates that the trial court properly admonished Perez prior to his plea of guilty. Therefore, the burden shifts to Perez to overcome the presumption of regularity and demonstrate that his plea was involuntary. *See Anthony*, 494 S.W.3d at 108-09; *Martinez*, 981 S.W.2d at 197.

4

## 2. Eligibility for Community Supervision

In Texas, "community supervision" is the statutory name for probation. *See* Tex. Code Crim. Proc. Ann. art. 42A.001(1). However, in practice, "the terms 'probation' and 'community supervision' are synonymous and are generally used interchangeably." *Juarez v. State*, No. 02-18-00116-CR, 2019 WL 3955212, at *1 n.1 (Tex. App.—Fort Worth Aug. 22, 2019, pet. ref'd) (mem. op., not designated for publication). There are two forms of probation: "straight probation" and "deferred-adjudication probation." *See id.*; *see also Burch v. State*, 541 S.W.3d 816, 818 (Tex. Crim. App. 2017). The Court of Criminal Appeals has explained the difference between these two types of probation:

> Under deferred-adjudication probation, a defendant is placed on probation without being found guilty. [Tex. Code Crim. Proc. Ann. art. 42A.101]. On the other hand, a person can also be placed on "straight" probation, but only after he is found guilty and is sentenced. [*Id.* art. 42A.053]. This difference can be seen in the way the State revokes a defendant's probation. If a defendant violates a condition of his deferred-adjudication probation, the State files a motion to adjudicate in which it asks the judge to find the defendant guilty and to sentence him. However, if a defendant violates a condition of his "straight" probation, the State files a motion to revoke that probation and asks the judge to execute the defendant's sentence that has already been handed down.

*Burch*, 541 S.W.3d at 818 n.1.

A defendant who pleads guilty to the offense of aggravated assault with a deadly weapon is eligible to receive deferred-adjudication probation but not straight probation. *See* Tex. Code Crim. Proc. Ann. art. 42A.054(b) (defendant is ineligible for

straight probation when it is shown that a deadly weapon is used or exhibited during the commission, or immediate flight from the commission, of the felony); *Id.* art. 42A.102 (deadly weapon allegation does not impact eligibility for deferred-adjudication probation); *see also Privette v. State*, 594 S.W.3d 629, 630 (Tex. App.—Texarkana 2019, no pet.) (trial court placed defendant on deferred-adjudication probation for aggravated assault with a deadly weapon); *Roots v. State*, 419 S.W.3d 719, 721 (Tex. App.—Fort Worth 2013, pet. ref'd) (appeal from adjudication for aggravated assault with a deadly weapon after period of deferred-adjudication probation).

Here, Perez pleaded guilty to the offense of aggravated assault with a deadly weapon. Consequently, he was eligible for deferred-adjudication probation but not eligible for straight probation. *See* Tex. Code Crim. Proc. Ann. art. 42A.102; *see also Privette*, 594 S.W.3d at 630. Therefore, at the conclusion of the sentencing hearing, the trial court could have deferred the adjudication of Perez's guilt and placed him on deferred-adjudication probation or found him guilty and sentenced him to incarceration within the applicable punishment range. *See Harper v. State*, 567 S.W.3d 450, 454 (Tex. App.—Fort Worth 2019, no pet.).

Perez acknowledges that "deferred adjudication was possibly a viable option," but he contends that his plea was involuntary because he believed he could be placed on "probation" even though "regular community supervision was not" an option for the trial court in his case. Perez's distinguishment between these two types of

probations unpersuasively attempts to muddy the voluntariness of his plea of guilty. Both deferred-adjudication probation and straight probation are forms of "probation," and he was eligible for a form of probation from the trial court. *See Burch*, 541 S.W.3d at 818.

The presumption of regularity requires this court to indulge every presumption in favor of the regularity of Perez's plea proceedings. *See Anthony*, 494 S.W3d at 108. To overcome this presumption, any alleged improper advice by defense counsel must be "firmly founded in the record." *Id.* at 109. However, the record before us demonstrates that Perez was eligible for a form of probation, defense counsel advised him of such, and he voluntarily opted to plead guilty in the hopes of obtaining probation from the trial court. Perez's understanding is evidenced by his testimony when he agreed with defense counsel that he had weighed the pros and cons of pleading guilty without the benefit of a plea bargain or taking the State's plea offer. Because Perez was eligible for deferred-adjudication probation, defense counsel's advice was accurate, and Perez was informed to make a "voluntary and intelligent choice among the alternative courses of action" available to him.[1] *Broussard*, 517 S.W.3d at 816.

---

[1]In his closing argument at the sentencing hearing, Perez's defense counsel broadly used the term "probation"; however, he clarified exactly the type of probation Perez sought from the trial court: deferred-adjudication probation.

In light of the whole record and totality of the circumstances, we conclude that defense counsel properly advised him of the options available to him, and he intelligently and voluntarily made the choice to plead guilty. *See Williams*, 522 S.W.2d at 485; *Broussard*, 517 S.W.3d at 816. We hold that Perez has failed to meet his burden to demonstrate that his plea was not entered knowingly or voluntarily, and we overrule his sole issue.

## IV.  CONCLUSION

Having overruled Perez's sole issue, we affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  February 13, 2025