PD-0891-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/26/2015 3:51:47 PM
Accepted 8/28/2015 11:49:53 AM
ABEL ACOSTA
CLERK

PD-0891-15

## TO THE COURT OF CRIMINAL APPEALS

## OF THE STATE OF TEXAS

ARTHUR FRANKLIN MILLER, JR.,                                    Appellant

v.

THE STATE OF TEXAS,                                              Appellee

Appeal from Collin County

\* \* \* \* \* \*

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

\* \* \* \* \* \*

FILED IN
COURT OF CRIMINAL APPEALS

August 28, 2015

ABEL ACOSTA, CLERK

Jay Ethington
Appellate Attorney
Bar No. 06692500

Cody L. Skipper
Appellate Attorney
Bar No. 24041928

3131 McKinney Avenue, Suite 800
Dallas, Texas 75204
jay@jayethington.com
cody@skipperdefense.com
214-740-9955 (Telephone)
214-740-9912 (Fax)

## TABLE OF CONTENTS

INDEX OF AUTHORITIES...................................................................iii

STATEMENT REGARDING ORAL ARGUMENT........................................ 1

STATEMENT OF THE CASE.............................................................. 2

STATEMENT OF PROCEDURAL HISTORY.............................................. 2

GROUNDS FOR REVIEW..................................................................3

> 1) **Did the Court of Appeals err by finding that trial counsel's deficient performance regarding Appellant's probation eligibility, which Appellant relied upon in waiving his constitutional right to a jury trial, was not prejudicial under *Strickland?***

ARGUMENT..................................................................................3

PRAYER FOR RELIEF......................................................................11

CERTIFICATE OF COMPLIANCE.........................................................12

CERTIFICATE OF SERVICE...............................................................12

APPENDIX (Opinion of the Court of Appeals)

## IDENTITY OF THE PARTIES

Appellant: Arthur Franklin Miller, Jr.

Appellee: The State of Texas.

Trial Judge: Hon. Keith Dean.

Trial Counsel for Appellant:  Plea of Guilty: Jeffrey C. Grass, Attorney at Law, 101 East Park Boulevard, Suite 600, Plano, Texas 75074.

Motion for New Trial Counsel: Jay Ethington and Cody L. Skipper, Attorneys at Law, 3131 McKinney Avenue, Suite 800, Dallas, Texas 75204.

Appellate Counsel for Appellant on Court of Appeals for the Fifth District: Lori Ordiway, Attorney at Law, P.O. Box 793991, Dallas, Texas 75379.

Appellate Counsel for Appellant in the Court of Criminal Appeals: Jay Ethington and Cody L. Skipper, Attorneys at Law, 3131 McKinney Avenue, Suite 800, Dallas, Texas 75204.

Trial Counsel for State: Greg Willis, District Attorney, and Crystal Levonius and Daniel Lewis, Assistant Criminal District Attorneys, 2100 Bloomdale Road, Suite 100, McKinney, Texas 75071.

Appellate Counsel for the State: Greg Willis, District Attorney, and John R. Rolater, Amy Sue Melo Murphy, and Crystal Levonius, Assistant Criminal District Attorneys, 2100 Bloomdale Road, Suite 100 McKinney, Texas 750741.

# INDEX OF AUTHORITIES

**Cases:**

*Anthony v. State*,
    457 S.W.3d 548 (Tex. App. – Amarillo 2015, pet. granted)................2, 3, 5

*Banks v. State*,
    819 S.W.2d 676, 682 (Tex. App. – San Antonio 1991, pet. ref'd)...................4

*Cardenas v. State*,
    960 S.W.2d 941, 945-46 (Tex. App. – Texarkana 1998)..........................6

*Ex parte Moussazadeh*,
    361 S.W.3d 684, 692 (Tex. Crim. App. 2012)....................................5

*Hobbs v. State*,
    298 S.W.3d 193, 197 (Tex. Crim. App. 2009)...................................4

*Lopez v. State*,
    428 S.W.3d 271, 289 (Tex. App. – Houston [1st Dist.] 2014, pet. ref'd).........7

*Miller v. State*, 2015 Tex. App. LEXIS 5520, 05-14-01065-CR
    (Tex. App. – Dallas 2015)...........................................2, 5, 6, 9, 10

*Riley v. State*,
    378 S.W.3d 453, 457 (Tex. Crim. App. 2012)........................6, 7, 8, 10

*State v. Recer*,
    815 S.W.2d 730 (Tex. Crim. App. 1991)......................................6, 7

*Strickland v. Washington*,
    466 U.S. 668, 685 (1984).......................................................2, 3

PD-0891-15

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

ARTHUR FRANKLIN MILLER, JR.,                                    Appellant

v.

THE STATE OF TEXAS,                                              Appellee

* * * * * *

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

* * * * * *

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Appellant, Arthur Franklin Miller, Jr., by and through his attorneys of record, Jay Ethington and Cody L. Skipper, respectfully urge this Court to grant discretionary review of the above named cause.

## STATEMENT REGARDING ORAL ARGUMENT

Defendant, Arthur Franklin Miller, Jr. requests oral argument because this single but complex issue involves an involuntary waiver of a constitutional right based on ineffective assistance of counsel, which is very similar to the issue

1

currently pending before this Court in *Anthony v. State,* 457 S.W.3d 548 (Tex. App. – Amarillo 2015, pet. granted).

## STATEMENT OF THE CASE

Appellant was charged with aggravated sexual assault of a child younger than 14 years and indecency with a child by sexual conduct. Appellant, relying solely on trial counsel's inaccurate and erroneous advice, waived a trial by jury, entered a plea of not guilty, and a bench trial commenced. The trial court found Appellant guilty of both counts and sentenced him to twenty-two (22) years. Appellant then filed a motion for new trial based on ineffective assistance of counsel, in that he relied on counsel's inaccurate and erroneous advice that he was probation-eligible with a bench trial, which resulted in an involuntary jury waiver. After a hearing on Appellant's motion for new trial, the trial court denied Appellant's motion. The court of appeals affirmed the conviction, holding that while trial counsel was deficient, the trial court properly denied Appellant's motion for new trial because Appellant failed to establish prejudice under the second prong of *Strickland*.

## STATEMENT OF PROCEDURAL HISTORY

On June 1, 2015, The Court of Appeals affirmed the conviction in an unpublished opinion. *Miller v. State*, 2015 Tex. App. LEXIS 5520, 05-14-01065-

2

CR (Tex. App. – Dallas 2015). Appellant's motion for rehearing was filed on June 17, 2015, and overruled on June 29, 2015.

## GROUNDS FOR REVIEW

**1) Did the court of appeals err by finding that trial counsel's deficient performance regarding Appellant's probation eligibility, which Appellant relied upon in waiving his constitutional right to a jury trial, was not prejudicial under *Strickland*?**

## ARGUMENT

**Introduction**

Appellant's trial counsel rendered prejudicial deficient performance by inducing Appellant to waive his constitutional right to a jury trial based upon a false promise of community supervision with a bench trial. *Anthony v. State*, 457 S.W.3d 548, 553 (Tex. App. – Amarillo 2015, pet. granted) ("By inducing him to enter a plea of guilty through the false promise of community supervision, there is a reasonable probability Appellant waived valuable rights . . . ."). "The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel playing a role that is critical to the ability of the adversary system to produce *just results*." *Strickland v. Washington*, 466 U.S. 668, 685 (1984) (emphasis added). "It is fundamental that an attorney must have a firm command

3

of the facts of the case as well as the governing law before he can render reasonably effective assistance." *Banks v. State*, 819 S.W.2d 676, 682 (Tex. App. – San Antonio 1991, pet. ref'd). Moreover, a defendant has an absolute right to a jury trial. *Hobbs v. State*, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009).

In this case, the court of appeals acknowledged the State's concession that trial counsel's advice regarding Appellant's probation-eligibility by the trial court was deficient, and thus satisfied the first prong of *Strickland*. Throughout the course of the proceedings, the prosecutor and Appellant's trial counsel were oblivious to the fact that Appellant was not eligible for probation. The prosecutor interrupted trial counsel's closing argument at punishment to suggest that the trial court reopen the evidence so that trial counsel could prove up – through the prosecutor's own investigator – Appellant's "illusory" eligibility for probation. (RR3: 143-44). Likewise, Appellant's trial counsel acknowledged in an email written just one week prior to the hearing on Appellant's motion for new trial, that "the judge's authority to award [Appellant] probation was thoroughly discussed and resolved to the satisfaction of the state, the court, and the defense." (RR4: 54-55; DX8). The trial judge also confirmed and acquiesced in this mistake throughout the course of the trial and punishment hearing. Not until the motion for new trial hearing did the trial judge make any statement regarding trial counsel's

4

"error about thinking that I could give probation" and the prosecutor's "error thinking I could give probation." (RR4: 67).

The court of appeals' holding that the trial court properly denied Appellant's motion for new trial because he failed to establish prejudice is not supported by any reasonable view of the record. *Miller v. State*, 2015 Tex. App. LEXIS 5520, 05-14-01065-CR (Tex. App. – Dallas 2015). Appellant would not have waived his right to a jury trial if he had known that he was ineligible to receive probation from the trial court. *See Ex parte Moussazadeh*, 361 S.W.3d 684, 692 (Tex. Crim. App. 2012). Moreover, after Appellant's brief was filed, this Court, on May 20, 2015, granted a petition for discretionary review on a similar issue in *Anthony v. State*, 457 S.W.3d 548 (Tex. App. – Amarillo 2015, pet. granted). "The relinquishment of important legal rights in reliance upon incorrect legal advice, confirmed and acquiesced in by the trial court, concerning the range of punishment and impacting an accused's right to voluntarily and intelligently exercise sentencing choices, undermines both the proper functioning of our adjudicatory process and public confidence in the integrity of such proceedings." *Id.* at 553.

1) **Did the court of appeals err by finding that trial counsel's deficient performance regarding Appellant's probation eligibility, which Appellant relied upon in waiving his constitutional right to a jury trial, was not prejudicial under *Strickland*?**

5

The court of appeals' decision is not supported by any reasonable view of the record. *Riley v. State,* 378 S.W.3d 453, 457 (Tex. Crim. App. 2012). Citing *Riley*, the court of appeals stated, "the trial court was not required to accept appellant's claim that he would have acted differently had he received correct advice." *Miller*, 2015 Tex. App. LEXIS 5520, at *7. However, this case is distinguishable from *Riley*.

Unlike in *Riley*, in this case there is no doubt that Appellant would have acted differently had he received correct advice from his trial counsel – only a jury could have sentenced Appellant to probation. *Cardenas v. State,* 960 S.W.2d 941, 945-46 (Tex. App. – Texarkana 1998) ("In a case involving indecency with a child in which the trial judge sentences the defendant, the trial court cannot probate the sentence, regardless of its length."); *see also State v. Recer*, 815 S.W.2d 730, 732 (Tex. Crim. App. 1991) ("The record does not reflect that appellee went to the trial judge for sentencing solely because of her attorney's erroneous impression that the trial judge could . . . grant her probation."). In other words, "the [Appellant's] decision would have been different if [his] attorney had correctly informed [him] of the law." *Recer*, 815 S.W.2d at 732. Appellant testified at the hearing on his motion for new trial that trial counsel told him on several occasions "that [he] would be given probation." (RR4: 34).

6

Moreover, unlike in *Riley* and *Recer*, Appellant's decision to waive his constitutional right to a jury trial was not based on any trial strategy. *Riley*, 378 S.W.3d at 459 ("appellant vigorously contested the murder charge, urging self-defense and reduction of the charge by a finding of sudden passion."); *Recer*, 815 S.W.2d at 732 (Tex. Crim. App. 1991) (stating that the record "does not reflect that the decision to have the judge assess punishment was not a valid tactical strategy"). Appellant testified that he never had "any discussion that [he] knew to be trial strategy with [trial counsel]." (RR4: 47-48). Appellant simply asked trial counsel what was best for him, and trial counsel "told [him] and [he] did it." (RR4: 48). Appellant testified that trial counsel's advice "caused [him] to make [his] decision then to waive the jury, give up the jury, and just drive on with the judge." (RR4:38).

Furthermore, unlike in *Riley*, all of the witnesses at the motion for new trial hearing, including Appellant himself, were subject to cross-examination. *Riley*, 378 S.W.3d at 457. Thus, this case is not one in which the claim of ineffective assistance of trial counsel is presented only in an affidavit, unsupported by live testimony. To the contrary, both the affidavits and live testimony in this case firmly establish that trial counsel advised Appellant to plead not guilty to the trial court and that, upon proceeding in that manner, Appellant would be eligible for probation and receive probation. *Cf. Lopez v. State*, 428 S.W.3d 271, 289 (Tex.

7

App. – Houston [1ˢᵗ Dist.] 2014, pet. ref'd) (holding that "[t]he appellate court is free to disbelieve the statements in an affidavit, especially one unsupported by live testimony"). In fact, trial counsel's own e-mail supported Appellant's claim.[1] Therefore, in contrast to *Riley*, the record in this case indisputably establishes prejudice, i.e., that Appellant would not have waived his constitutional right to a jury trial had he received correct advice regarding probation eligibility, and that correct advice would have changed the result of the proceeding. *See Riley*, 378 S.W.3d at 459-60.

Finally, unlike in *Riley*, the record unambiguously shows that, had Appellant not relied on trial counsel's inaccurate and erroneous advice, he would have taken his case to a jury which could either have found him *not guilty* or found him guilty but sentenced him to probation under the applicable law. Specifically, there was a reasonable probability that the jury would have either placed Appellant on probation *or* found Appellant not guilty, especially in light of Appellant's acquittal on the other alleged victim's case rendered by the trial court.[2] The court of appeals stated "[t]he record reflects the trial court accepted some witnesses' testimony but

---

[1] "I will tell you that the decision to waive a jury in [Appellant's] case was carefully considered and the determination that the Court would have the authority and jurisdiction to award probation in the case was established prior to the execution of a jury waiver by [Appellant]." (RR: 4: 54-55; DX8).

[2] Along with the cause number in this case on appeal, Appellant also had been indicted in a related case, but after hearing the evidence and complainant's testimony, the trial court found him not guilty in that related case. (RR2: 5; RR3: 137).

not others; appellant was acquitted on charges relating to the other complainant, formerly a family member, who also testified at trial." *Miller*, 2015 Tex. App. LEXIS 5520 at *5. Contrary to the court of appeals' conclusion, there is a reasonable probability "that a jury would make a different assessment of the witnesses' credibility." *Id.*

In light of many defense witnesses at trial who contradicted the complainant's version of events in this case, a jury could well have found Appellant not guilty in this case. Though the complainant testified that the offense took place in a computer room (RR3: 14-15), her father, brother, and aunt testified that the only computer was in the dining room. (RR3: 59, 80, 100-02). Moreover, the complainant's father and aunt also specifically testified that they did not believe the complainant's allegations against Appellant, and her father testified that he thought that she was fabricating them for some financial gain from Appellant. (RR3: 65, 75, 108). At the motion for new trial hearing, Appellant maintained his innocence. (RR4: 35). And, on cross-examination at the motion for new trial hearing, Appellant unequivocally denied committing these offenses against the complainant. (RR4: 41-42).

**Conclusion**

This case requires review. If a charged defendant does not receive correct legal advice and admonishments from his own attorney, the prosecutor, or even the

9

presiding judge, and ultimately relies upon such inaccurate and erroneous advice to make a decision which affects his constitutional rights, how can an individual expect to receive "just results" per *Strickland*? How can an individual expect to preserve his absolute right to a jury trial?

A reasonable view of the record does not support the court of appeals' holding that the trial court's "implicit finding that the result of the proceedings in reasonable probability would not have been different." *Miller*, 2015 Tex. App. LEXIS 5520 at 8. That is, the trial court's denial of Appellant's motion for new trial was arbitrary because no reasonable view of the evidence could support its ruling that trial counsel's representation was not "so deficient to be a miscarriage of justice." (RR4: 67). To the contrary, the record shows that trial counsel's representation was deficient and that there is a reasonable probability that the result of the proceeding would have been different had counsel's representation not been deficient, in that a jury could have rendered a verdict of not guilty, or a jury could have sentenced Appellant to probation in the event of a conviction. *See Riley*, 378 S.W.3d at 459-60. This court should exercise its supervisory powers and grant review.

## PRAYER FOR RELIEF

Wherefore, Appellant prays that the Court of Criminal Appeals grant this Petition for Discretionary Review, that the case be set for submission, and that after submission, this Court reverse the decision of the Court of Appeals.

Respectfully submitted,

/s/ Jay Ethington
Jay Ethington
SBN: 06692500
3131 McKinney Avenue
Suite 800
Dallas, Texas 75204
Tel: (214) 740-9955
Fax: (214) 740-9912
jay@jayethington.com

/s/ Cody L. Skipper
Cody L. Skipper
SBN: 24041928
3131 McKinney Avenue
Suite 800
Dallas, Texas 75204
Tel: (214) 740-9955
Fax: (214) 740-9912
cody@skipperdefense.com

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that according to the Microsoft Word word count tool, this document contains 1,928 words.

/s/ Jay Ethington
Jay Ethington

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 26th day of August, 2015, the Defendant Petition for Discretionary Review was served via certified electronic service provider to:

John R. Rolater, Amy Sue
Melo Murphy & Crystal Levonius
Assistant Criminal District Attorneys
2100 Bloomdale Road
Suite 100
McKinney, Texas 75071

/s/ Jay Ethington
Jay Ethington

**APPENDIX**

**AFFIRM; and Opinion Filed June 1, 2015.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-14-01065-CR

**ARTHUR FRANKLIN MILLER, JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-81265-2013**

## MEMORANDUM OPINION
Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Schenck

After a bench trial, the trial court found appellant Arthur Franklin Miller, Jr. guilty on one count of aggravated sexual assault of a child and one count of indecency with a child by sexual contact. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (West Supp. 2014) (aggravated sexual assault); TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011) (indecency with a child). The court assessed punishment at twenty-two years' confinement on the first count and ten years' confinement on the second count. In a single issue, appellant contends he received ineffective assistance of counsel. We affirm the trial court's judgment.

### BACKGROUND

Appellant was indicted for offenses that allegedly occurred in 2001 and involved a child then younger than fourteen years of age. Appellant waived his right to a jury and pleaded not guilty before the trial court. After the trial court found him guilty and assessed punishment,

appellant's trial counsel filed a motion for new trial on appellant's behalf, then withdrew. Appellant obtained new counsel, who represented him at the hearing on the motion for new trial. At the hearing, appellant sought a new trial based on alleged ineffective assistance of his trial counsel. Appellant offered evidence that his trial counsel incorrectly advised him that he would receive probation[1] from the trial court if he waived his right to a jury trial. In fact, appellant was not eligible to receive probation from a trial judge. The trial court denied appellant's motion for new trial. This appeal followed.

## STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's ruling on a motion for new trial for abuse of discretion, "reversing only if the trial judge's opinion was clearly erroneous and arbitrary." *Riley v. State*, 378 S.W.3d 453, 456 (Tex. Crim. App. 2012). A trial court abuses its discretion if no reasonable view of the record could support the trial court's ruling. *Id.* at 457. Under this deferential standard, we view the evidence in the light most favorable to the trial court's ruling. *Id.* We may not substitute our own judgment for that of the trial court, and must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Id.* "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.*

Under *Strickland v. Washington*, 466 U.S. 668, 690–92 (1984), and *Hernandez v. State*, 726 S.W.2d 53, 54–57 (Tex. Crim. App. 1986), an appellant alleging ineffective assistance of counsel must prove that (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defense. The prejudice prong requires a showing that, but for counsel's errors, there was a reasonable probability that the result of the proceedings would have been different.

_____

[1] Although the term now used in the Code of Criminal Procedure is "community supervision," *see* TEX. CODE CRIM. PROC. ANN. art. 42.12 (West Supp. 2014), the parties used the former term "probation" throughout the proceedings below. We use the terms interchangeably in this opinion. *See Riley v. State*, 378 S.W.3d 453, 455 n.1 (Tex. Crim. App. 2012) (statutory term for probation was changed to community supervision in 1993; both terms "refer to the same process").

*Hernandez*, 726 S.W.2d at 55. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* Both the "performance" and "prejudice" prongs of the inquiry are mixed questions of law and fact, but the prejudice prong often turns upon the credibility and demeanor of witnesses. *Riley*, 378 S.W.3d at 458. We "show almost total deference to a trial court's findings of historical facts as well as mixed questions of law and fact that turn on an evaluation of credibility and demeanor." *Id.*

When a claim of ineffectiveness is based on counsel's misunderstanding of the law regarding probation, there must be evidence that (1) the defendant was initially eligible for probation, (2) counsel's advice was not in furtherance of a valid trial strategy, (3) the defendant's election of the assessor of punishment was based upon counsel's erroneous advice, and (4) the results of the proceeding would have been different had his attorney correctly informed him of the law. *Id.* at 458–59 (citing *State v. Recer*, 815 S.W.2d 730, 731–32 (Tex. Crim. App. 1991)).

Where the trial court denies a motion for a new trial that raised the ineffective assistance of counsel claim, we "presume that all findings made by the trial judge were made in favor of the prevailing party, and hence, we assume that the trial judge implicitly found that there was no reasonable probability that the result of the proceeding would have been different." *Id.* at 459.

### DISCUSSION

The State concedes that counsel's advice to appellant regarding his eligibility for probation "fell below the prevailing professional norms."[2] Although under article 42.12, section 3 of the Texas Code of Criminal Procedure, a judge may suspend the imposition of a defendant's

---

[2] The Court of Criminal Appeals has explained that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)). Here, although new counsel subpoenaed trial counsel to testify at the hearing on the motion for new trial, there was no return on the subpoena. The record contains a proposed affidavit sent by appellant's new counsel to his trial counsel, and trial counsel's e-mailed response, refusing to sign the affidavit and vigorously contesting its content. In any event, even though the State has conceded the first prong of *Strickland*, appellant must establish both prongs to prove ineffective assistance of counsel. *See, e.g., Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (appellant must meet both prongs of *Strickland*; where appellant failed to meet one prong, court need not consider the other). As we explain below, we conclude appellant failed to establish the second prong.

–3–

sentence and place the defendant on community supervision, these provisions do not apply to a defendant such as appellant who has been adjudged guilty of indecency with a child or aggravated sexual assault. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 3, 3g(a)(C), (E) (West Supp. 2014).[3]

Therefore, the only issue presented is whether counsel's deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 690–92. We consider whether there was a "reasonable probability" that the result of the proceeding would have been different if appellant's attorney had given him correct advice; that is, whether a jury would have sentenced appellant to probation. *See Riley*, 378 S.W.3d at 458.

Because there was no physical evidence offered by the State, the result of the trial depended entirely on the credibility of the witnesses. Appellant's granddaughter A.M. was one of the two complainants who testified at trial. A.M. was aged 22 and the mother of two-year-old twins at the time of trial. She offered extensive testimony of appellant's unwanted touching on numerous occasions beginning when she was nine or ten years old, at a time when she, her father, and her brother were living with appellant. She testified that her mother was no longer living with the family at the time. She eventually told her father, appellant's son, of the abuse, asking him to "do something," but he "just looked down at the floor and waited for me to go back to my room." She testified that her family was financially dependent on appellant. She finally decided to report the abuse to law enforcement after her children were born. She testified she did not want her children to be afraid to "say something" if "they were ever in the same situation as me."

---

[3] Although article 42.12 has been amended in every legislative session since the date of the offenses at issue, the statutory exceptions in section 3g to probation for persons adjudged guilty of indecency with a child or aggravated sexual assault existed in 2001 and are applicable here. *See, e.g.*, Act of May 20, 1999, 76th Leg., R.S., ch 806, § 1, 1999 TEX. GEN. LAWS 3439, 3450 (amendment to § 3g applicable to offenses on or after September 1, 1999). Until 2007, however, a jury could recommend probation for a defendant found guilty of these offenses. *See* Act of May 18, 2007, 80th Leg., R.S., ch. 593, §§ 1.06, 4.01(a), 2007 TEX. GEN. LAWS 1120, 1123, 1148 (for offenses committed on or after September 1, 2007, persons convicted of aggravated sexual assault and indecency with a child not eligible for probation from jury if victim of offense was younger than 14 years of age at time offense was committed).

A.M.'s testimony was supported by the testimony of Billy Lanier, a Collin County deputy sheriff assigned to the child abuse task force who investigated A.M.'s allegations. Lanier testified he was able to corroborate information A.M. provided to law enforcement. In addition to appellant, A.M. also named her uncle, appellant's son Arthur Miller III ("Uncle"), as a person who molested her. Lanier testified that Uncle "plead[ed] guilty to molesting" A.M., and Lanier interviewed Uncle during his investigation. In this forensic interview, Uncle provided details that corroborated A.M.'s allegations. At the time of trial, Uncle was in prison as a result of his guilty plea to the charges relating to his abuse of A.M.

A.M.'s father, her brother, and her aunt (appellant's daughter) also testified at trial. Each of these witnesses testified that they did not believe A.M. They also testified to various inconsistencies in A.M.'s testimony. For example, they testified that appellant's home did not have a "computer room," in contrast to A.M.'s testimony that abuse took place there. A.M.'s father also testified that he thought A.M. had fabricated the charges for some financial gain from appellant. These witnesses were cross-examined about their current or past financial dependence on appellant and other matters.

The trial court was required to make determinations regarding the credibility of these witnesses in order to render judgment. The record reflects the trial court accepted some witnesses' testimony but not others; appellant was acquitted on charges relating to the other complainant, formerly a family member, who also testified at trial. There is no indication that a jury would make a different assessment of the witnesses' credibility. Although appellant points to the conflict in the testimony about the existence of a "computer room" in his home, this conflict was resolved against him by the trial court. The trial court found appellant guilty of aggravated sexual assault and indecency with a child. Other than appellant's lack of a criminal record, his age, and his denial of the charges, matters which were also raised before the trial

court, appellant does not contend there were other factors which a jury might have found compelling in recommending probation rather than a prison sentence.

Appellant testified at the hearing on his motion for new trial. He explained that he relied on his trial counsel "to do what's best for me" in making the decision whether to waive a jury. Trial counsel recommended "to drive on with the trial with the judge. And that I would get probation." He proceeded to trial before the judge and was expecting probation as the "worst case scenario," based on the advice of his counsel. He was never told that he was not eligible for probation if he pleaded "not guilty" before a trial judge. His trial counsel told him on several occasions "not to worry; that I would be given probation; that I was too old to go to jail." His trial counsel told him "we do not want a jury trial; that we wanted to go to trial by judge." He pleaded "not guilty" to the judge because he was not guilty. His counsel advised him he was eligible for probation. On cross-examination, appellant conceded that the trial judge correctly advised him of the range of punishment for both indecency by contact and aggravated sexual assault of a child, including five to ninety-nine years to life in the penitentiary. The record also reflects that the trial judge advised appellant that because his offense occurred before 2007, "a jury could give you probation," although appellant did not recall this admonishment on cross-examination. Appellant testified that his counsel never explained the advantages or disadvantages of choosing or waiving a jury to decide his case.

Appellant's daughter also testified at the hearing on appellant's motion for new trial. She was present in several meetings with appellant and trial counsel. She testified that trial counsel advised appellant to waive a jury because the trial judge "was fair," and "[w]ith this judge, he'll get probation." She also testified that trial counsel told appellant, "don't worry . . . . [t]hey're not going to throw you in jail. You're too old, and you're going to get probation." The advice she heard from appellant's trial attorney was to "waive the jury" and "get probation from the judge."

–6–

Two of appellant's sons also testified, consistent with their sister's testimony, that appellant was confused even after he was in prison, thinking he had been given probation in accordance with his counsel's advice. Both also testified that their father was not aware that he could not "get probation" from the trial judge, and that their father had been told by trial counsel that probation was the "worst case scenario." They met with trial counsel after appellant was convicted and sentenced, and testified that even then, trial counsel was predicting "[a] 98 percent chance that he'll have my dad out within a week."

At the motion for new trial hearing, appellant's counsel also pointed out that at trial, the prosecutor examined witnesses and made arguments relevant to probation, apparently acting under the same mistaken assumption that appellant was eligible for probation from the trial court.

After hearing the evidence and argument in support of appellant's motion for new trial, the trial court noted that appellant had been admonished properly before he waived a jury. The court also explained, "I do find that [trial counsel] was in error about thinking that I could give probation and the State was in error thinking I could give probation." The court concluded, however, that counsel's representation was not "so deficient to be a miscarriage of justice."[4] The trial court denied the motion for new trial. In light of this ruling, we presume "the trial judge implicitly found that there was no reasonable probability that the result of the proceeding would have been different." *See Riley*, 378 S.W.3d at 459. This finding is a mixed question of law and fact, and a reviewing court must defer to a trial court's credibility determinations. *See id.* The trial court was not required to accept appellant's claim that he would have acted differently had he received correct advice. *See id.* And even if the trial court accepted this claim, appellant was

[4] At the hearing on the motion for new trial, appellant's counsel argued that a new trial should be granted "in the interest of justice," citing *State v. Herndon*, 215 S.W.3d 901, 906-07 (Tex. Crim. App. 2007), and Texas Rules of Appellate Procedure 21 (New Trials in Criminal Cases) and 44.2 (Reversible Error in Criminal Cases). The trial court therefore referred to this standard in announcing its ruling.

also required to establish that correct advice would have changed the result of the proceeding. *See id.* "This is a heavy burden which requires a 'substantial,' and not just a 'conceivable,' likelihood of a different result." *Walker v. State*, 406 S.W.3d 590, 599 (Tex. App.—Eastland 2013, pet. ref'd) (quoting *United States v. Wines*, 691 F.3d 599, 604 (5th Cir. 2012)).

A reasonable view of the record, viewed in the light most favorable to the trial court's ruling, could support the trial court's implicit finding that the result of the proceedings in reasonable probability would not have been different. *See id.* We conclude appellant has failed to meet his burden under the second prong of *Strickland.* The trial court properly denied appellant's motion for new trial. We overrule appellant's sole issue.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

141065F.U05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ARTHUR FRANKLIN MILLER, JR.,
Appellant

No. 05-14-01065-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 296-81265-2013.
Opinion delivered by Justice Schenck,
Justices Lang and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 1st day of June, 2015.